Nicole M. True
State Bar No. 12879
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169-0163
Tel: 602.262.5311
E-mail: ntrue@lrrc.com
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS LONG,<br><br>  Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, as Claims Administrator for the Group Long Term Disability Plan for TARGET CORP.; DOES 1 through V; and ROE CORPORATIONS I through V, inclusive,<br><br>  Defendants. | CASE NO. 2:17-CV-01297<br><br>**NICOLE M. TRUE'S MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** |

Pursuant to District of Nevada Local Rule LR IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct, I, Nicole M. True, hereby request entry of an order: (1) granting leave for me to withdraw from representing Defendant Hartford Life and Accident Insurance Company ("Hartford"); and (2) directing the Clerk of the Court to remove me from the CM/ECF service list for this case.

**STATEMENT OF FACTS**

This ERISA action was filed on May 8, 2017. (ECF No. 1, Compl.) Hartford answered the Complaint on June 8, 2017 (ECF No. 7, Answer). On September 19, 2017, Kristina N. Holmstrom informed Lewis Roca Rothgerber Christie LLP of her resignation from further employment with the firm.

102646229_1

## LEGAL STANDARDS

District of Nevada Local Rule LR IA 11-6 governs attorney appearances, substitutions, and withdrawals. It states the following:

**LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS**

(a) A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney. An attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case, however, the court may hear a party in open court even though the party is represented by an attorney.

(b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.

(c) A stipulation to substitute attorneys must be signed by the attorneys and the represented client and be approved by the court. Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order.

(d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.

(e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

In addition, Rule 1.16 of the Nevada Rules of Professional Conduct governs the termination of representation. It states in relevant part:

(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:

(1) Withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) The client has used the lawyer's services to perpetrate a crime or fraud;

(4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;

(5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) Other good cause for withdrawal exists.

(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

## ARGUMENT

The Court should grant leave to withdraw because the legal standards for withdrawal are easily satisfied. With respect to LR IA 11-6(a), Hartford will continue to be represented in this matter by Kristina Holmstrom of Ogletree Deakins. With respect to LR IA 11-6(b), notice of this motion is being provided to Hartford through its counsel of record, Kristina Holmstrom, and Plaintiff. With respect to LR 11-6(e), no delay of discovery, trial, or any hearing in the case will result since Kristina Holmstrom of Ogletree Deakins will continue on as Hartford's lead counsel.

With respect to Nevada Rule of Professional Conduct 1.16(b)(1), adequate grounds for withdrawal exist because withdrawal can be accomplished without material adverse effect to the interests of Hartford since it will continue to be represented by Ogletree Deakins. Fourth, Rule 1.16(c) is satisfied because, through this motion, I am complying with the Court's rules and procedures for withdrawal. Fifth, Rule 1.16(d) is satisfied because, again, Kristina Holmstrom of Ogletree Deakins is continuing on as Hartford's lead counsel.

## CONCLUSION

For the foregoing reasons, the Court should enter an order: (1) granting me leave to withdraw as counsel for Hartford; and (2) directing the Clerk of the Court to remove me from the CM/ECF service list for this case.

Respectfully submitted this 14th day of November, 2017.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:                      */s/ Nicole M. True*
Nicole M. True
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Defendant Hartford Life and Accident Insurance Company*

**IT IS SO ORDERED:**

_____*George Foley Jr.*_____
UNITED STATES MAGISTRATE JUDGE

DATED: __11/15/2017_____

102646229_1

4